Sarah Christenson CA Bar No. 291548
sarah.christenson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
Zones, LLC and Rose Capistran

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

James Arthur Ortega,

Plaintiff,

v.

Zones, Inc., Zones LLC, Ultipro, Inc., Ultipro, The Ultimate Software Group Inc. UKG Inc. Rose Capistran, Nate McChesney, Nathan Remaly and DOES 1 through 10,

Defendants.

Case No. 2:21-CV-9659

**DEFENDANTS ZONES, LLC AND ROSE CAPISTRAN'S NOTICE OF REMOVAL OF CIVIL ACTION**

*[Filed Concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declarations of Jon Bailey, Rose Capistran and Sarah Christenson; and Notice of Related Cases]*

Complaint Filed: February 22, 2021
Trial Date: None Set
District Judge: Hon. TBD
Magistrate Judge: Hon. TBD

Ortega - Notice of Successive

**fTO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Zones, LLC and Rose Capistran (collectively referred to as "Defendants"), remove this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, on the following grounds: there is complete diversity of citizenship between Plaintiff James Arthur Ortega ("Plaintiff"), a citizen of the State of California, and Defendants are citizens of the State of Washington; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint in the Superior Court, and remain true now.

## I. THE STATE COURT ACTION

1. On February 22, 2021, Plaintiff filed his Complaint against Defendants entitled "*James Arthur Ortega v. Zones, Inc., et al.*," in Los Angeles County Superior Court, Case Number 21NWCV00105 ("Complaint"). Plaintiff's Complaint alleges the following causes of action: (1) Wrongful Termination; (2.) Failure to Pay Overtime Wages; (3) Failure to Provide Meal & Rest Periods; (4) Failure to Pay Discharged Employee; (5) Violations of Labor Code §§206.5; (6) Failure to Provide Itemized Wage Statements; (7) Unfair Business Practices under California Business & Professions Code §17200 *et seq.*; and (8) Wrongful Termination.[1]

2. On May 25, 2021, Plaintiff served Defendants Zones, LLC and Rose Capistran[2] with a copy of the Complaint and Summons via Notice of Acknowledgment

---

[1] The Complaint alleges duplicative claims for wrongful termination.

[2] Plaintiff attempted to serve Rose Capistran in March 2021, but service was defective. Despite this, Plaintiff had an entry of default entered against Capistran. Plaintiff ultimately agreed to serve Rose Capistran via Notice of Acknowledgment of Receipt, and stipulated to vacating the entry of default, which the Court ordered on June 21, 2021.

of Receipt. *See* Declaration of Sarah E. Christenson ("Christenson Decl."), ¶ 3; Declaration of Jon Bailey ("Bailey Decl."), ¶ 6; Declaration of Rose Capistran ("Capistran Decl."), ¶ 3.  A true and correct copy of the documents served on Defendants in this action with the Summons and Complaint are attached hereto as "**Exhibit A**." Christenson Decl., ¶ 3.  These are the only defendants that have been served in this case.  *Id*., ¶ 3, 6.

3.  On June 24, 2021, Zones, LLC and Capistran filed an answer in Los Angeles Superior Court, asserting their affirmative defenses. A true and correct copy of the Answer filed in Superior Court is attached hereton as "**Exhibit B**." *See* Christenson Decl., ¶ 4.

4.  On June 24, 2021, Defendants removed this matter to the U.S. District Court, for the Central District of California. *See* Christenson Decl., ¶ 5.

5.  On June 25, 2021, the Court remanded this matter for failure to demonstrate complete diversity between Plaintiff and the unserved defendants, namely, UltiPro, Inc., The Ultimate Software Group, Inc. UKG, Inc., Nathan Remaly, Nate McChesney, and Zones, Inc. (collectively referred to as the "Unserved Defendants"). A true and correct copy of the Superior Court's order is attached hereto as "**Exhibit C**." *See* Christenson Decl., ¶ 6.

6.  On December 3, 2021, the state court held a Case Management Conference ("CMC") in this matter.  During the CMC, Plaintiff orally agreed on the record to dismiss the Unserved Defendants, UltiPro, Inc., The Ultimate Software Group, Inc. UKG, Inc., Nathan Remaly, Nate McChesney, and Zones, Inc.  The Court subsequently issued a minute order affirming the dismissal of the Unserved Defendants.  Accordingly, Defendants now successively remove the instant matter to U.S. District Court within 30 days of securing this information, as Plaintiff is diverse from all named Defendants.  A true and correct copy of the Superior Court's order is attached hereto as "**Exhibit D**." *See* Christenson Decl., ¶ 7.

7. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendants and all prior documents served in the state court action are attached to this Notice of Removal as "**Exhibit E**." *See* Christenson Decl., ¶ 9.

## II. REMOVAL IS TIMELY

8. To escape the prohibition against multiple removals on the same grounds, a defendant must rely on new information that was not available at the time of the first removal. The new information may come when diversity of citizenship is lacking at the time the state action was filed, but within one year the plaintiff voluntarily dismisses or amends the complaint to abandon the action against the nondiverse defendant, the remaining diverse defendants are entitled to remove. (*Knudson v. Systems Painters, Inc*. (8th Cir. 2011) 634 F3d 968, 975—"if the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case.") When a nondiverse defendant who otherwise defeats diversity is voluntarily dismissed or abandoned within the one-year period, the remaining defendant has thirty (30) days from the dismissal or abandonment to remove the matter. (28 U.S.C. § 1446(b) (1); *Harris v. Bankers Life & Cas. Co*. (9th Cir. 2005) 425 F3d 689, 696-697—if original complaint jurisdictionally uncertain or nonremovable, defendant can remove within 30 days from when diversity ascertainable.)

9. Pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely being filed within thirty (30) days from the date Defendants ascertained diversity was complete in this matter (*i.e.* December 3, 2021, when the Unserved Defendants were dismissed by Plaintiff and by order of the Superior Court). *See* Christenson Decl., ¶ 7-8.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

10. Complete diversity exists between Plaintiff and all Defendants.

### A. Plaintiff is a Citizen of California.

11. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

Ortega - Notice of Successive

3

Case No. 2:21-cv-05142

DEFENDANTS ZONES, LLC AND ROSE CAPISTRAN'S NOTICE OF REMOVAL OF CIVIL ACTION

Cir. 1983). For diversity purposes, an individual's domicile is "her permanent home, where he resides with the intention to remain or to which he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

12. Plaintiff alleges that he was employed in the city of Cerritos in Los Angeles County. (Ex. A, Compl. at ¶ 2.) Defendants' payroll records for Plaintiff also indicate that, during the relevant time period, Plaintiff lived in California. *See* Capistran Decl. at ¶ 8.

13. Therefore, Plaintiff is, and was, a citizen of California.

**B. <u>The Defendants are Citizens of Washington</u>**

14. For removal purposes, a limited liability company ("LLC") is a citizen of all states where its members and/or owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15. When Plaintiff filed the Complaint and continuing through the present, Zones, LLC was a Washington LLC, with is headquarters in Auburn, Washington. Further, when Plaintiff filed the Complaint and continuing through the present, Zones, LLC's sole owner and member was Zones IT Solutions, Inc. Bailey Decl. at ¶ 3-5.

16. For removal purposes a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

17. When Plaintiff filed the Complaint and continuing through the present, Zones IT Solutions, Inc., was and is a corporation formed under the laws of the state

of Washington, with its principal place of business in Auburn, Washington. See Bailey Decl., ¶ 5. Zones IT Solutions, Inc. corporate headquarters are located in Auburn, Washington. Auburn, Washington is where this entity's direction and control emanate from. Bailey Decl., ¶ 5.

18. Given the foregoing, Defendant Zones, LLC, is a citizen of the State of Washington.

19. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F3d 853, 857.) At the time the Complaint was filed, and continuing to the present day, Rose Capistran is domiciled in the State of Washington. Capistran Decl., ¶ 4.

20. Because Plaintiff is a California citizen, and Defendants are citizens of Washington, complete diversity exists between Plaintiff and Defendants now, and did so when Plaintiff filed the Complaint.[3]

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

21. The removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403-04 (9th Cir. 1996); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (amount-in-controversy inquiry in the removal context is not confined to the face of the complaint). The removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 403-404.

---

[3] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

22. In determining whether the jurisdictional minimum is met, the court considers all recoverable damages, including statutory penalties and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

23. As set forth below, Defendants can demonstrate that the amount in controversy in this case exceeds $75,000.[4]

**A. Lost Earnings.**

24. Plaintiff seeks to recover lost earnings, and specifically prays in his complaint that he seeking "all economic damages . . . as authorized by law."

25. In an employment case such as the instant matter, lost earnings are at issue. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181, 89 (1970). The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in controversy. See *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

26. When Plaintiff's employment ended on May 13, 2020, he was a full-time employee (40 hours per week) earning $23.09 per hour or approximately $923.60 per week (See Capistran Decl., ¶ 6-7).

27. Based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website,[5] the median time from filing to trial in a civil

[4] By estimating the amount Plaintiff might recover if he prevails, Defendants does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendants reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

[5] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf

matter for the Central District of California is 20.8 months, which would mean the likely trial date in this matter is August 7, 2023. See **Exhibit F;** Christenson Decl., ¶ 10.

28. Accordingly, the amount of lost earnings in controversy here is at least **$155,164.80 ($923.60** per week multiplied by 168 weeks between Plaintiff's alleged termination date and the likely trial date of August 7, 2023).

**B. Attorney's Fees**

29. Plaintiff seeks to recover attorneys' fees. (Ex. A, Compl, ¶ 16, 31, 43, 55, Prayer at ¶ 6.)

30. When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S, supra*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

31. If Plaintiff prevails on his second, third, fourth, fifth and sixth causes of action, Plaintiff may recover attorneys' fees. See California Labor Code 1198.5(I) ("A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action."). Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

32. The Court may consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal").

33. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

34. Courts in this District have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. See *Vysata v. Menowitz*, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs*., 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Red v. Kraft Foods Inc*., 680 F. App'x 597, 599 (9th Cir. 2017) (finding a district court did not err in awarding $550 per hour for partners).

35. Courts in this District have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. See *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc.,* No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

36. Based on the typical hourly rate for employment counsel in this District and the estimated time to litigate an employment action through trial, Plaintiff has put at least **$157,500** in attorneys' fees in controversy (300 hours x $525 per hour)

**C. <u>Emotional Distress</u>**

37. Plaintiff seeks to recover "all noneconomic damages. . . as authorized by law." (Ex. A, Compl. at Prayer ¶ 2.) Such damages necessarily include emotional distress damages.

38. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons*, 209 F.Supp.2d at 1031-35 (finding that the

plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

39. Although Plaintiff does not state in his Complaint a certain amount for such damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

40. The following cases show that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement *See Bennett v. Alaska Airlines, Inc.*, 2014 WL 1715811 at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

(a) *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not even seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress);

(b) *Campbell v. Nat'l Passenger Railroad Corp.*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case);

(c) *Anderson v. American Airlines*, 352 Fed.Appx.182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case); and

(d) *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to employee in discrimination action).

41. Accordingly, Plaintiff's claims for emotional distress damages, alone, is more likely than not to exceed $75,000.

42. Without even accounting for the punitive damages, the total amount in controversy is at least **$387,164.80**, as demonstrated in the chart below:

| **Type of Damages/Claim** | **Amount in Controversy** |
|---|---|
| Economic Damages (Lost Earnings) | $155,164.80 |
| Noneconomic Damages (Emotional Distress) | $75,000+ |
| Attorney's Fees | $157,000+ |
| Total | **$387,164.80+** |

**D. Punitive Damages.**

43. The inclusion of punitive damages further affirms that the amount in controversy requirement is met here. (Ex. A, Compl., Prayer ¶ 5.)

44. Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

45. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards, alone, in employment discrimination cases often exceed the $75,000

amount in controversy requirement. *See Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

46. Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *See Hurd v. Am. Income Life Ins*., No. CV–13–05205 RSWL–MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) (Punitive damages in an employment action can be 'substantial' even when lost wages fall short of the jurisdictional minimum.).

47. Therefore, the inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

## V. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

48. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

49. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

50. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A - F,** which are copies of all process, pleadings, and orders served on Defendants, as well as Defendants' answer to the Complaint which was filed in Los Angeles Superior Court on June 24, 2021.

51. Pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely being filed within thirty (30) days from the date Defendants ascertained diversity was complete in this matter, i.e. 30 days from December 3, 2021 when the Unserved Defendants were voluntarily dismissed by Plaintiff.

52. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice of the removal of this action to Plaintiff via his counsel, and file a copy of that Notice with the Los Angeles County Superior Court.

## VI. CONCLUSION

53. Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

54. In the event this Court has a question regarding the propriety of this Notice, Defendants request the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: December 14, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Sarah Christenson*
Sarah Christenson
Attorneys for Defendants
Zones, LLC and Rose Capistran

Ortega - Notice of Successive

**PROOF OF SERVICE**
*James Arthur Ortega v. Zones, LLC, et al.*
Case No. 2:21-cv-05142

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On December 14, 2021, I served the following document(s):

**DEFENDANTS ZONES, LLC AND ROSE CAPISTRAN'S NOTICE OF REMOVAL OF CIVIL ACTION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

Ortega - Notice of Successive

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 14, 2021, at Costa Mesa, California.

Susan M. Susebach

Ortega - Notice of Successive

2 Case No. 2:21-cv-05142
PROOF OF SERVICE OF DEFENDANTS ZONES, LLC AND ROSE CAPISTRAN'S NOTICE OF REMOVAL OF CIVIL ACTION

**SERVICE LIST**

Timothy J. Donahue, Esq.
LAW OFFICES OF
TIMOTHY J. DONAHUE
374 South Glassell Street
Orange, CA 92866
Telephone: 714-289-2445
Facsimile: 714-289-2450
tdonahue@attorneydonahue.com

Attorneys for Plaintiff
James Arthur Ortega

Ortega - Notice of Successive

3 Case No. 2:21-cv-05142

PROOF OF SERVICE OF DEFENDANTS ZONES, LLC AND ROSE CAPISTRAN'S NOTICE OF REMOVAL OF CIVIL ACTION

49493824.v1-OGLETREE